UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JULIAN A. URBAN,

                Plaintiff,

v.

DR. MARY T. BASSETT, et al.,

                Defendants.

**REPORT AND RECOMMENDATION**

Case No. 1-22-cv-19-JLS-JJM

---

On December 3, 2021 plaintiff Julian A. Urban, formerly an employee of Erie 1 BOCES (Board of Cooperative Educational Services), commenced this action in State of New York Supreme Court, County of Erie against Dr. Mary T. Bassett (State of New York Commissioner of Health), Betty A. Rosa (State of New York Commissioner of Education) and Dr. Lynn Fusco (Superintendent of Schools of Erie 1 BOCES), "seeking an injunction and declaratory relief, challenging as unlawful and unconstitutional, the requirement that [BOCES employees] be vaccinated, masked or tested for Covid-19". Complaint and Petition [1-2], ¶1.[1] He contends that "there is collusion between Big Pharma, government entities and private investors to force as many people as possible to procure a COVID-19 vaccine", as a result of which "the civil rights of [Urban] and The People have been trampled upon". Id., ¶¶15-16.

Defendant Rosa has been dismissed by Stipulation [1-15]. Defendants Bassett and Fusco move pursuant to Fed. R. Civ. P. ("Rule") 12(b)(6) to dismiss Urban's Complaint and Petition for failure to state a claim upon which relief can be granted [8, 9]. The motions have

---

[1]     Bracketed references are to CM/ECF docket entries, and page references are to CM/ECF pagination (upper right corner of the page).

been referred to me by District Judge John L. Sinatra, Jr. for initial consideration [12]. Having reviewed the parties' submissions [8, 9, 17-20] and heard oral argument on April 13, 2022 [21], for the following reasons I recommend that the motions be granted, with leave to replead.

## DISCUSSION

Although this action originated in state court, it was removed to this court on January 7, 2022 [1], and "the federal pleading standard applies to a motion to dismiss filed after an action has been removed". Power Authority of New York ex rel. Solar Liberty Energy Systems, Inc. v. Advanced Energy Industries, Inc., 2020 WL 5995186, *9 (W.D.N.Y. 2020). While Urban argues that his Complaint and Petition "may be dismissed only if 'it appears beyond doubt . . . that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief'",[2] that pleading standard was abolished by Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 562-63 (2007) ("Conley's 'no set of facts' language has been questioned, criticized, and explained away long enough . . . . [A]fter puzzling the profession for 50 years, this famous observation has earned its retirement").

Rule 8(a)(2) requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the claim is and the grounds upon which it rests . . . . While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic

---

[2]   Urban's Response [17] at 8, *quoting* Hoover v. Ronwin, 466 U.S. 558, 587 (1984) and Conley v. Gibson, 355 U.S. 41, 45-6 (1957).

recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 555.

Therefore, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face . . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 679.

Urban alleges that Covid-19 vaccination or testing requirements "violate his right of bodily autonomy and informed consent as protected by the Common Law, 21 U.S.C. Section 360bbb-3, 21 CFR Section 202.1, New York State Human Rights Law Sections 290 and following, Roe v. Wade, 410 U.S. 113 (1973), the First, Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States and Health Insurance Portability And Accountability Act (HIPAA) passed by the United States Congress at Public Law 104-191 on August 21, 1996". Complaint and Petition, [1-2], ¶¶2, 12.

However, as Bassett points out, Urban's "pleadings fail to specify with any particularity where his alleged 'right of bodily autonomy and informed consent' emanates from. While the Complaint references various state and federal statutes and Constitutional Amendments regarding this alleged right, it fails to state where the right is defined, what the scope of the right is and how getting a COVID-19 test violates that right . . . . Finally, Plaintiff's Complaint fails to even identify what rules or regulations he is claiming violates his 'right of bodily autonomy and informed consent'". Bassett's Memorandum of Law [9-1] at 10-11.[3]

---

[3] Although presumably the regulation at issue is 10 N.Y.C.R.R. §2.62 (Smith Declaration [8-1], ¶4), the Complaint and Petition does not specifically identify it.

Urban attempts to support his claims by reference to his Responses [17, 18], which are memoranda of law.[4] However, since "briefs are not pleadings", Ebusinessware, Inc. v. Technology Services Group Wealth Management Solutions, LLC, 2009 WL 5179535, *14 (S.D.N.Y. 2009), those arguments cannot "shore up the allegations of the complaint", Kiarie v. Dumbstruck, Inc., 473 F. Supp. 3d 350, 355 (S.D.N.Y. 2020), or "pull the Complaint into the realm of plausibility". Klinkowitz v. Jamaica Hospital Medical Center, 2022 WL 818943, *8 (E.D.N.Y. 2022).

Therefore, I agree with defendants that Urban's Complaint and Petition should be dismissed for failing to comply with the requirements of Twombly and Iqbal. However, since the Complaint and Petition was not subject to federal pleading requirements at the time it was drafted for use in state court,[5] Urban is entitled to an opportunity to replead. See Rule 81(c)(2) ("[a]fter removal, repleading is unnecessary unless the court orders it"); Power Authority of New York, *9 ("[t]hus, Rule 81 implicitly acknowledges that there are circumstances in which a state court complaint must be repleaded in federal court - for example, when a defendant has successfully argued in a motion to dismiss that the complaint does not meet federal pleading requirements").

Nevertheless, before he attempts to replead, Urban's attorney should carefully consider defendants' challenges to his claims ([8-4, 9-1, 19, 20], citing, *inter alia*, We The Patriots USA, Inc. v. Hochul, 17 F.4th 266 (2d Cir.), opinion clarified, 17 F.4th 368 (2d Cir.

---

[4] Without requesting permission, Urban's Responses total 54 and 59 pages in length, in violation of Local Rule 7(a)(2)(C), limiting opposing memoranda to 25 pages. While I could therefore disregard them altogether, I need not do so in light of my Recommendation on these motions.

[5] "New York's relaxed notice pleading standard remains undisturbed post Ashcroft v. Iqbal." Rizvi v. North Shore Hematology-Oncology Associates, P.C., 69 Misc. 3d 1212(A) (N.Y. Sup. Ct. 2020).

2021) and Strong v. Zucker, 2022 WL 245351 and 896525 (W.D.N.Y. 2022)) in determining which (if any) of those claims are "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law", as required by Rule 11(b)(2).[6] While I question whether any repleaded claims can survive, "[g]enerally, if a district court dismisses for failure to state a claim, the court should give the party one opportunity to try to cure the problem, even if the court is skeptical about the prospects for success". Olson v. Champaign County, Illinois, 784 F.3d 1093, 1099 (7th Cir. 2015).

## CONCLUSION

While Urban professes that "Resistance to Tyrants is Obedience to God" ([1-6] at 6, quoting Benjamin Franklin), his "antipathy toward government policies will not in itself give rise to a viable claim . . . no matter how fervent his beliefs in that regard". Strong, 2022 WL 896525, *2. Since Urban has thus far failed to allege a plausible claim for relief, I recommend that defendants' motions to dismiss [8, 9] be granted, with leave to replead within 21 days of Judge Sinatra's ruling on this Report and Recommendation.

Unless otherwise ordered by Judge Sinatra, any objections to this Report and Recommendation must be filed with the clerk of this court by May 2, 2022. Any requests for extension of this deadline must be made to Judge Sinatra. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985). Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which

---

[6] Defendant Fusco has already filed a motion for sanctions [11]. My March 10, 2022 Text Order [16] held that motion in abeyance pending the outcome of the pending motions for dismissal. The sanctions motion will continue to be held in abeyance pending further order of the court.

could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge". Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

Dated: April 18, 2022

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge